Marina Lang, Cal. Bar No. 251,087
mlang@socalip.com
Michael D. Harris, No. 59,470
mharris@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc., <br>     Plaintiff, <br> v. <br> Silvia Boone, et al., <br>     Defendant. | No. 2:19-cv-08086-MWF-MRW <br><br> Notice of Motion and Motion for Default Judgment against Defendant Silvia Boone <br><br> Date:  December 9, 2019 <br> Time:  10:00 a.m. <br> Judge: Fitzgerald |

To defendant Silvia Boone a.k.a. Silvia B. Inocente:

On December 9, 2019, at 10:00 a.m. in the courtroom of Hon. Michael W. Fitzgerald, Courtroom 5A, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, plaintiff Athena Cosmetics, Inc. ("Athena") will move for a default judgment against Silvia Boone a.k.a. Silvia B. Inocente ("Boone").

Counsel for plaintiff notified defendant by letter of October 20 of Athena's plan to file this motion and asked her to consult with plaintiff's counsel about the proposed motion. She did not respond.

The judgment has these proposed terms:

1. Entering a permanent injunction enjoining Boone, her agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from further acts of infringement:

  (a) using any reproduction, counterfeit, copy, or colorable imitation of the registered trademarks in Exhibits 1–6 ("Athena Trademarks") to identify any goods or the rendering of any services not authorized by Athena;

  (b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Athena's business reputation or weaken the distinctive quality of the Athena Trademarks;

  (c) using a false description or representation including words or other symbols falsely describing or represent Boone's unauthorized goods as being those of Athena or sponsored by or associated with Athena and from offering such goods in commerce;

  (d) further infringing the Athena Trademarks by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Athena bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks;

  (e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or relate or connect, such products to Athena, or to any goods sold, manufactured, sponsored or approved by, or connected with Athena;

  (f) making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Boone are associated or connected with Athena; or is sold, manufactured, licensed, sponsored, approved or authorized by Athena;

  (g) engaging in any conduct infringing the Athena Trademarks, of Athena's rights in, or to use or to exploit, the Athena Trademarks, or constituting any weakening of Athena's name, reputation or goodwill;

  (h) using or continuing to use the Athena Trademarks or trade names or any variation thereof on the Internet (either in the text of a websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Athena;

  (i) using any email addresses to offer for sale any nongenuine products bearing counterfeits of the Athena Trademarks;

  (j) connecting with any websites that offer for sale any merchandise bearing counterfeits of the Athena Trademarks;

  (k) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Athena Trademarks; and

  (l) effecting assignments or transfers, forming new entities or associations or utilizing any other device to circumvent or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (1).

 2. Within ten days of judgment, Boone must take all steps necessary to remove from all websites she owns or controls all text or other media offering for sale any merchandise bearing counterfeits of the Athena Trademarks.

 3. Within 30 days of judgment, Boone must file and serve Athena with a sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Boone has complied with this injunction.

    4.    For an Order that Boone deliver up for destruction to Athena all unauthorized products and advertisements in her possession or under their control bearing the Athena Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of them under 15 U.S.C. § 1118.

    5.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Boone is authorized by Athena or related to Athena's products.

    6.    Requiring Boone pay for damages Athena sustained from Boone's infringement of the Athena Trademarks and unfair competition and to account for all gains, profits and advantages derived by Boone from the sale of their infringing merchandise bearing the Athena Trademarks and that the award to Athena be trebled as provided for under 15 U.S.C. § 1117; that Athena be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2 million for each trademark Boone willfully counterfeited and infringed.

    7.    Ordering Boone to pay Athena's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

    8.    Directing this Court retain jurisdiction to enable Athena to apply to the Court at any time for such further orders and interpretation or execution of any order entered, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

Plaintiff relies on the attached declaration of Michael Harris, plaintiff's attorney. The Harris declaration specifies the requirement of Local Rule 55-1:

    (a) When and against what party the default was entered;

    (b) The identification of the pleading to which default was entered;

   (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

   (d) The Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

   (e) Notice has been served on the defaulting parties.

 Athena relies on the accompanying memorandum of points and authorities, and declaration of Michael Harris. Athena also lodges a proposed judgment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

A. Introduction. ...................................................................................................1

B. Background. ...................................................................................................1

   1. Claims for Relief in the Complaint. ..........................................................1

   2. Subject Matter and Personal Jurisdiction ..................................................1

   3. Defendant's Default ...................................................................................2

   4. Underlying Facts Alleged in the Complaint .............................................2

C. Argument. ......................................................................................................6

   1. Plaintiff has the right to a default judgment. ............................................6

   2. The complaint's allegations except those relating to damages are treated as true. ............................................................................................7

   3. Defendant Boone's sale of products with the identical trademarks and packaging to Athena's trademarks and packaging is counterfeiting and infringing. .......................................................................................................7

   4. *Eitel* factors govern default judgment motions. ........................................7

   5. Boone is liable for statutory damages up to $2 million though awarding damages of about $75,000 to $150,000 is reasonable. ....................9

   6. The requested injunctive relief is proper under *eBay v. MercExchange*. ...........................................................................................10

   7. The specific, requested injunctive relief is proper. .................................11

   8. Dismissing the fictitious "Doe" defendants without prejudice is proper. .........................................................................................................12

D. Conclusion. ..................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980)..........................................................7

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir.1979)...........................................7

*Brooklyn Brewery Corp. v. Black Ops Brewing, Inc.*, 156 F. Supp. 3d 1173
   (E.D. Cal. 2016)........................................................................................................10

*Chalon Adventures, Inc. v. Fullerton Lounge, Inc.*, No. 8:18-cv-01565-JLS-ADS,
   2019 WL 2896131, at *5, 2019 U.S. Dist. LEXIS 37099
   (C.D. Cal. Mar. 7, 2019)...........................................................................................11

*Chanel, Inc. v. Veronique Idea Corp.*, 795 F. Supp. 2d 262
   (S.D.N.Y. 2011).........................................................................................................7

*Credit Cards v. KTA Tour, Inc.*, No. 2:19-cv-00293-CAS-ASx, 2019
   WL 3456620, 2019 U.S. Dist. LEXIS 128067
   (C.D. Cal. July 29, 2019)..........................................................................................9

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)............................................10

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)....................................................7, 8, 9

*Geddes v. United Fin. Grp.*, 559 F.2d 557 (9th Cir. 1977)............................................7

*Long v. Toh*, No. 2:17-cv-08651-CAS-RAOx, 2019 WL 2719408, 2019 U.S. Dist.
   LEXIS 108832, (C.D. Cal. June 28, 2019)................................................................8

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936
   (9th Cir. 2011)...........................................................................................................9

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016).....................................7

*Nike v. B & B Clothing Co.*, No. CIV S-06-2828, 2007 WL 1515307,
   2007 U.S. Dist. LEXIS 37195 (E.D. Cal. May 22, 2007)...................................9, 10

*Nike, Inc. v. Washington*, No. CV 08-07748 SJO (MANx), 2009
   WL 10672344, 2009 U.S. Dist. LEXIS 135847.................................................9, 10

Default Judgment Motion     vii     Athena v. Boone
No. 2:18-cv-5969-DMG-FFM

*Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067
   (C.D. Cal. 2004) .................................................................................................. 7
*Power Test Petroleum Distributors, Inc. v. Calcu Gas, Inc.*, 754 F.2d 91
   (2d Cir. 1985) .................................................................................................... 10
*Rolex Watch U.S.A., Inc. v. Watch Empire LLC,* No. CV 13-09221-SJO (FFMx),
   2015 WL 9690322, 2015 U.S. Dist. LEXIS 131668
   (C.D. Cal. Sep. 29, 2015) .................................................................................. 8
*Tiffany (NJ) Inc. v. Luban,* 282 F. Supp. 2d 123 (S.D.N.Y. 2003) .............................. 9
*Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330 (9th Cir. 1995) ............................ 11

**Statutes**

15 U.S.C. § 1065 ........................................................................................................... 3
15 U.S.C. § 1111 .................................................................................................... 4, 10
15 U.S.C. § 1114 .................................................................................................... 1, 6
15 U.S.C. § 1117 ................................................................................................. 1, 6, 9
15 U.S.C. § 1121 ........................................................................................................... 1
15 U.S.C. § 1125 ........................................................................................................... 1
15 U.S.C. § 1127 ........................................................................................................... 7
28 U.S.C. § 1391 ........................................................................................................... 1
28 U.S.C. § 1338 ........................................................................................................... 1

**Other Authorities**

Cal. Code Civ. Proc., § 410.10 ................................................................................... 1
Fed. R. Civ. P. 4 ........................................................................................................... 1
Fed. R. Civ. P. 55 ......................................................................................................... 6
Fed. R. Civ. P. 8 ........................................................................................................... 7
Local Rule 55–1 ............................................................................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION.

The proposed default judgment seeks statutory damages, injunctive relief and attorney fees in this counterfeiting and trademark infringement suit. Defaulting defendants' actions damaged plaintiff, but by her default, defendant Boone answered no interrogatories and produced no documents plaintiff needed to calculate damages. Harris Decl. ¶ 18.

The law provides for statutory damages up to $2 million for trademark counterfeiting. Athena requests the court award $150,000 for counterfeiting six Athena trademarks.

## B. BACKGROUND.

### 1. Claims for Relief in the Complaint

The complaint has four claims for relief: (1) federal trademark counterfeiting [15 U.S.C. § 1117(b); (2) federal trademark infringement [15 U.S.C. § 1114]; (3) false designation of origin, unfair competition, false or misleading advertising [15 U.S.C. § 1125(a)]; (4) unfair business practices [California Common Law].

### 2. Subject Matter and Personal Jurisdiction

The Court has subject matter over these claims for relief under 28 U.S.C. §§ 1338(a) and (b) and 15 U.S.C. § 1121(a).

The Court has personal jurisdiction over Boone. She resides and does business at 22010 Rustic Canyon Lane, Richmond, Texas. She conducts business in California and this district by offering counterfeits goods for sale in Ventura County, California. The goods infringe on Athena's registered trademarks. Boone is subject to personal jurisdiction the jurisdiction of this Court under Cal. Code Civ. Proc., § 410.10 and FED. R. CIV. P. 4 (5, 7).[1] Venue is proper under to 28 U.S.C. § 1391(b)(2) because

---

[1] Numbers in parenthesis refer to the paragraph in the complaint stating the allegation.

Boone advertised, offered to sell and sold products that infringe the trademarks of Athena to consumers within this judicial district (8).

### 3. Defendant's Default

Boone failed to respond to Athena's September 18, 2019, complaint (Dkt. 1). The clerk entered default on October 29 (Dkt. 13).

### 4. Underlying Facts Alleged in the Complaint

Plaintiff Athena Cosmetics, Inc. is a privately held corporation founded in Ventura, California, in 2006 (9). It is a leading company in its industry, and it received many awards and recognition for its innovative cosmetic products that restore the health and beauty of hair, eyelashes, and eyebrows (9).

Since at least as early as 2006, Athena used its flagship brand and incontestable mark REVITALASH® continuously on cosmetic preparations. It owns United States Trademark Registration No. 3,246,814 (May 29, 2007), for REVITALASH® for cosmetics preparations for eye lashes. Exhibit 1 is a copy of the registration certificate.[2] Athena also owns:

> Registration No. 3,526,373 (November 4, 2008) for ATHENA AND DESIGN®, for cosmetics preparations for eye lashes (Ex. 2).
>
> Registration No. 3,413,360 (April 15, 2008), for ATHENA COSMETICS® for cosmetics preparations for eye lashes. (Ex. 3).
>
> Registration No. 5,633,064 (December 18, 2018) for ETERNALLY PINK® for charitable services, namely, promoting public awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research; organizing and developing charitable projects that aim to promote breast cancer awareness, research and education; promoting public interest and awareness of

---

[2] The registrations are copied from the Patent and Trademark Office website, https://tsdr.uspto.gov/. Plaintiff requests the Court take judicial notice of them, and the Harris declaration also authenticates them.

breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research. (Ex. 4).

Registration No. 4,501,304 (March 25, 2014) for REVITALASH ADVANCED® for cosmetics preparations for eye lashes. (Ex. 5). (11–18).

The five registrations are incontestable under 15 U.S.C. § 1065 (12, 14, 16, 19 and 21).

Athena also owns Registration No. 5,871,804 (October 1, 2019) for the mark shown to the right ("the RL Logo") for Cosmetic pads; Cosmetic pencils; Cosmetic preparations for body care; Cosmetic preparations for skin care; Cosmetics; Cosmetics and cosmetic preparations; Cosmetics and make-up; Hair care creams; Hair care preparations; Hair conditioners; Hair masks; Hair mousses; Hair nourishers; Hair shampoos and conditioners; Hair sprays and hair gels; Non-medicated preparations all for the care of skin, hair and scalp; Non-medicated skin care preparations, namely, moisturizers, cleansers, masks, conditioners, creams, exfoliators, toners, make-up primers; lip care products, namely, lip primers and conditioners; eye brow products, namely, eyebrow liners, conditioners and strengtheners; eye-lash products, namely, mascaras, lengtheners, conditioners, strengtheners; eye-care products, namely, eye creams, concealers, highlighters, and makeup; Eyebrow cosmetics. (Exhibit 6). The registration issued after Athena sued Boone though the complaint mentions the pending application and her use of the mark (20).

Athena used the registration symbol "®" consistently with its use of the Athena Trademarks except the RL Logo, which only issued as a registration in October 2019 (22). Athena's use of the registration symbol puts Boone on notice of the Athena Trademarks and subjects Boone to liability for Athena's lost profits and other damages and for Boone's profits, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorney fees, investigators'

fees and costs from Boone for each of Athena's marks that Boone has willfully and maliciously counterfeited. 15 U.S.C. § 1111.

Athena also packages its REVITALASH brand cosmetics in distinctive packaging. The photograph on the left, below shows bottles of REVITALASH products; the photograph on the right shows packaging for REVITALASH products with a REVITALASH dispenser (23).

 

The bottles and packaging have acquired secondary meaning to customers and potential customers of Athena (24).

Athena manufactures its RevitaLash brand cosmetics. It goes to great lengths to protect its name and enforce the Athena Trademarks. It sells those products through exclusive distributors in territories in the United States and elsewhere throughout the world. Boone is not an authorized distributor (25, 26).

In August 2019, Athena purchased and received goods from Boone's eBay store and then analyzed the packaging and its contents. The goods were counterfeit, because, among other details, the box was a different, but similar color, it was made from different paper, it was taped versus machine-glued, the font was different, the internal product holder was a different paper and size, there was no RFID tag, a fake dye lot code was printed on the goods, the tube itself was the wrong size and had a

different font, the wand brush differed from Athena's, the information sheet inside the box was not Athena's, and the ingredients were not Athena's (27).

Boone either knew or through willful blindness knew that she was selling counterfeit goods. Boone continued to sell counterfeit goods falsely purporting to be made from Athena despite receiving at least two demands from Athena to cease and desist selling counterfeit goods (28). She sold, offered for sale, distributed, promoted and advertised cosmetics in interstate commerce bearing counterfeits and infringements of the Athena Trademarks as they appear on Athena's products. The spurious marks or designations Boone used in interstate commerce are identical with or substantially indistinguishable from the Athena Trademarks on goods covered by the Athena Trademarks registrations (29).

Though Boone knew about Athena's rights, she calculated her selling counterfeits to confuse and to deceive the public. Boone never was associated, affiliated or connected with, or endorsed or sanctioned by Athena so she had no right to sell products containing the Athena Trademarks (30, 31).

Boone's use of the Athena Trademarks or confusingly similar copies on her products is likely to cause consumers, the public and the trade to erroneously believe that the goods she advertised and sold emanate or originate from Athena, or that the items are authorized, sponsored, or approved by Athena, even though they are not. This confusion causes irreparable harm to Athena and weakens the distinctive quality of the Athena Trademarks. By using counterfeits and infringements of the Athena Trademarks on Boone's goods, She trades upon Athena's goodwill and reputation and creates the false impression that her goods are Athena's legitimate products (33, 34).

Boone has been unjustly enriched by illegally using and misappropriating Athena's intellectual property for her own financial gain. She unfairly benefited and profited from Athena's outstanding reputation for high quality products and its significant advertising and promotion of Athena Cosmetics and the Athena Trademarks

(35). Athena lacks any control over the nature and quality of the products sold by Boone bearing counterfeits and infringements of the Athena Trademarks (36).

Boone's distribution, sale, offers of sale, promotion and advertisement of her counterfeit products has and will: (i) reflect adversely on the Athena as the believed source of origin thereof; (ii) hamper continuing efforts by Athena to protect its outstanding reputation for high quality, originality and distinctive goods; (iii) and tarnish the goodwill and demand for genuine Athena Cosmetics and products (37).

Boone's acts constitute trademark counterfeiting violating 15 U.S.C. § 1114 (38).

Boone willfully and maliciously engaged in their counterfeiting and infringing activities so this is a case of intentional counterfeiting under 15 U.S.C. § 1117(b) and an exceptional case under 15 U.S.C. § 1117(a) (39).

Boone caused Athena to suffer irreparable harm and undetermined damages (40). Athena has no adequate remedy at law (41). Boone's wrongful acts including counterfeiting or infringing the Athena Trademarks will continue unless she is enjoined (42).

From these facts, Boone is liable to Athena for: (a) statutory damages up to $2 million for each mark counterfeited trademark as 15 U.S.C. § 1117(c) provides, or, at Athena's election, an amount representing three times Athena's damage or Boone illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117(b) (43).

## C. ARGUMENT.

### 1. Plaintiff has the right to a default judgment.

A party seeking a default judgment "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Athena does not seek a liquidated sum. Because Boone did not answer, Athena could not conduct discovery to determine Boone's revenue for counterfeit sales. But the Lanham act allows damages up to $2 million for trademark counterfeiting, 15 U.S.C. § 1117(c), which Athena elects.

The Harris Declaration satisfies the requirements of Local Rule 55–1.

2. **The complaint's allegations except those relating to damages are treated as true.**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). *See also* FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

3. **Defendant Boone's sale of products with the identical trademarks and packaging to Athena's trademarks and packaging is counterfeiting and infringing.**

A "counterfeit" is "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. "In cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination [of *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir.1979)] … because counterfeit marks are inherently confusing." *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) (citation and internal quotation marks omitted); *See also Chanel, Inc. v. Veronique Idea Corp.*, 795 F. Supp. 2d 262, 267 (S.D.N.Y. 2011) ("[T]he Court need not undertake a step-by-step analysis under [the Second Circuit's likelihood-of-confusion test] because counterfeits, by their very nature, cause confusion…. Indeed, causing customer confusion is the entire purpose behind the manufacture of counterfeit goods.").

4. ***Eitel* factors govern default judgment motions.**

The Court's decision whether to enter a default judgment is discretionary, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and is governed by *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), which held:

> Factors in exercising its discretion to award a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

The first factor, prejudice to plaintiff, favors default. *Rolex Watch U.S.A., Inc. v. Watch Empire LLC,* No. CV 13-09221-SJO (FFMx), 2015 WL 9690322, 2015 U.S. Dist. LEXIS 131668 (C.D. Cal. Sep. 29, 2015), applied this factor for a plaintiff with similar facts. Without a default judgment, plaintiff "has a basis for establishing prejudice" because otherwise it would be "left without other recourse for recovery." 2015 WL 9690322, at *3. Boone default also prevented Athena from learning how much counterfeit product she sold and where she obtained it.

The second and third *Eitel* factors, the merits of plaintiff's substantive claim and the complaint's sufficiency, also favor a default judgment. The complaint details Boone's counterfeiting, which support the trademark-related claims. See section C.3.

The fourth *Eitel* factor, the amount of money, is an issue because of the $2 million potential statutory damages remedy. But Athena expects the Court will temper the amount making the amount of damages less important. The "possibility of a dispute concerning the material facts," *Eitel's* fifth factor, also supports default judgment. "Having defaulted, defendants have admitted all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. *Long v. Toh*, No. 2:17-cv-08651-CAS-RAOx, 2019 WL 2719408, 2019 U.S. Dist. LEXIS 108832, at *10 (C.D. Cal. June 28, 2019).

*Eitel* last two factors, whether the default was due to excusable neglect and the strong policy favoring decisions on the merits, do not support defendant. Defendant

Boone received the complaint and summons, and Athena's attorney's letter to her reminded her of the deadline to respond. Harris Decl. ¶ 14 and Ex. 7. She also did not challenge entry of default. Harris Decl. ¶ 18, Ex. 8. The seventh *Eitel* factor about favoring decisions on the merits doesn't favor defendant. "Here, defendants' failure to respond to any of the actions in this litigation or retain counsel and defend this action makes a decision on the merits impractical, if not impossible. *Credit Cards v. KTA Tour, Inc.*, No. 2:19-cv-00293-CAS-ASx, 2019 WL 3456620, 2019 U.S. Dist. LEXIS 128067, at *13 (C.D. Cal. July 29, 2019).

### 5. Boone is liable for statutory damages up to $2 million though awarding damages of about $75,000 to $150,000 is reasonable.

Athena is investigating the source of Boone's and other counterfeiters' goods—probably a foreign company. That Boone probably is one of several counterfeiters does not excuse her; she had to know she was selling counterfeit products. And she had to know that selling phony, imported products customers apply to eyelashes near their eyes could injure them. She did not care; she only wanted to profit from her sales.

Boone's potential liability is up to $2 million, 15 U.S.C. § 1117(c), and the complaint put her on notice of the amount. "The statute 'does not provide guidelines for courts to use in determining an appropriate award' and is only limited by what 'the court considers just.'" *Tiffany (NJ) Inc. v. Luban,* 282 F. Supp. 2d 123, 124-25 (S.D.N.Y. 2003).

Other cases have approved substantial statutory damages. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 947 (9th Cir. 2011) ($10,500,000 for counterfeiting six trademarks); *Nike, Inc. v. Washington*, No. CV 08-07748 SJO (MANx), 2009 WL 10672344, at *3, 2009 U.S. Dist. LEXIS 135847, at *8 (C.D. Cal. May 15, 2009) ($25,000 for each trademark counterfeited); *Nike v. B & B Clothing Co.*, No. CIV S-06-2828, 2007 WL 1515307, 2007 U.S. Dist. LEXIS 37195 (E.D.

Cal. May 22, 2007) (awarding plaintiff $25,000 statutory damages for each counterfeited trademark).[3] If the court follows the *Nike* rulings, Boone would be liable for $25,000 per infringing trademark times six trademarks equals $150,000. Athena believes $150,000 for infringing six trademarks is reasonable.

### 6. The requested injunctive relief is proper under *eBay v. MercExchange.*

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), requires the party seeking an injunction to prove:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* at 391, states facts supporting those factors.

Irreparable harm exists because Athena cannot control the quality of the counterfeit goods. *See Brooklyn Brewery Corp. v. Black Ops Brewing, Inc.*, 156 F. Supp. 3d 1173, 1185 (E.D. Cal. 2016) (granting preliminary injunction where defendant's use of plaintiff's trademark "will cause Plaintiff to lose its ability to control its brand reputation and goodwill, since what could be perceived by consumers as the quality of Plaintiff's product risks no longer being within Plaintiff's control"); *Power Test Petroleum Distributors, Inc. v. Calcu Gas, Inc.*, 754 F.2d 91, 95 (2d Cir. 1985) ("[I]rreparable injury exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark.").

Legal remedies also are inadequate. Without discovery from Boone regarding how many counterfeit Athena products she sold, plaintiff cannot quantify Athena's

---

[3] Before 2008, the maximum statutory damages under 15 U.S.C. § 1111(c) were $1,000,000. Act of Oct. 13, 2008, Title I § 104, 110 P.L. 403, 122 Stat. 4256.

monetary loss. Her liability for her profits also requires evidence of her revenue. But even if damages or profits could be calculated, Athena only would be compensated for the past. Losing goodwill and reputation continues until she is enjoined.

The balance of hardships between Athena and defendants warrants an injunction. Stopping future counterfeiting and possibly returning counterfeit products are her only potential hardships, but she:

> cannot complain of the harm that will befall [her] when properly forced to desist from its infringing activities. Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense "merits little equitable consideration.".

*Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995) (citation and internal quotation marks omitted).

The public interest also favors an injunction because "in trademark infringement cases, the public interest is the right of the public not to be deceived or confused. Where defendant's concurrent use of plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." *Chalon Adventures, Inc. v. Fullerton Lounge, Inc.*, No. 8:18-cv-01565-JLS-ADS, 2019 WL 2896131, at *5, 2019 U.S. Dist. LEXIS 37099 (C.D. Cal. Mar. 7, 2019) (citations and internal quotation marks omitted).

### 7. The specific, requested injunctive relief is proper.

Athena's proposed injunction seeks to enjoin defendant Boone from using Athena's trademarks, colorable imitations or other false designation of origin (Exhibits 1–6) ("Athena Trademarks") including any other act to cause confusion or damage Athena's reputation. That includes using Athena Trademarks on the Internet. She also would be enjoined from using email addresses to offer for sale any counterfeits including using another's website such as eBay.com.

The injunction would require her to retain books or records about the counterfeits and prevent her from forming an entity to circumvent the injunction.

### 8. Dismissing the fictitious "Doe" defendants without prejudice is proper.

Because Boone defaulted and Athena could not conduct discovery, Athena could not identify the fictitious Doe defendants. Dismissing them without prejudice is proper.

## D. CONCLUSION.

The requested default judgment is reasonable. It enjoins defendant from continued counterfeiting trademark infringement and it awards $150,000 statutory damages.

Athena requests the Court grant a default judgment against under the proposed terms.

November 8, 2019

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Athena Cosmetics, Inc.

### CERTIFICATE OF SERVICE

I declare under penalty of perjury of the laws of the United States that on November 8, 2019, I served "Notice of Motion and Motion for Default Judgment against Defendant Silvia Boone" to defendant at 22010 Rustic Canyon Lane, Richmond, TX, 77469 by first class mail through the United States Postal Service.

November 8, 2019

/s/ *Anneliese G. Lomonaco*
Anneliese G. Lomonaco